G., C. & S. F. R'y Co. v. A. Hewson.

(No. 2242.)

Appeal from Galveston County. Opinion by Hurt, J.

Ballinger, Mott & Terry, for appellant.

Wheeler & Rhodes, for appellee.

§ 248. *Damages for being sued not recoverable unless, etc.; plea in reconvention for such damages does not confer jurisdiction; case stated.* Appellee sued appellant to recover $19.50 damages, the alleged value of a beef steer killed by appellant's train. The suit was brought in justice's court. Appellee, among other matters, pleaded in reconvention, claiming $25 actual and $80 exemplary damages, upon the alleged ground that the suit was instituted without probable cause, and with intent to vex, harass and annoy it. Appellee recovered judgment in justice's court for the amount sued for by him, from which judgment appellant appealed to the county court. In the latter court appellee excepted to appellant's plea in reconvention upon the grounds (1) that it presents no cause of action; (2) that it appears upon its face it is pleaded for the improper purpose of giving the county court appellate jurisdiction of the cause. Appellee moves to dismiss the appeal for want of jurisdiction in the county court to entertain the same. The said exceptions to the plea in reconvention and the motion to dismiss were sustained, and the appeal was dismissed. *Held:* There is no error in the judgment of the county court.

".The institution of a civil action by one in his own right for the purpose of enforcing a claim, whether that claim be real or unfounded, affords no cause of action against the party suing, unless by abuse of the process the person or property of the defendant be seized, or in some manner injuriously affected." [Johnson v. King, 64.Tex. 226.] The plea in reconvention showed no valid cause of action for damages and was properly stricken out. It did not confer appellate jurisdiction of the cause upon the county court, and without it the county court did not have such jurisdiction, the amount of the judgment and the amount in controversy each being less than $20, and the appeal, therefore, was properly dismissed.

March 3, 1887.　　　　　　　　　　　　　　Affirmed.